FRANCIS M. TICHENOR

*v.*

JAMES F. TICHENOR and HORACE W. CARPENTIER.

A complainant claiming to have a judgment lien on land cannot question the position, in order of priority, of a lien by way of mortgage, without making the owner of the equity a party, and establishing his judgment lien as against such owner.

On final hearing on bill, answers and proofs.

*Mr. John W. Taylor,* for the complainant.

*Mr. F. W. Stevens,* for the defendants.

PITNEY, V. C.

The bill was filed for the purpose of setting aside a conveyance of real estate by a debtor, on the ground that the same was fraudulent and void as against the complainant, who was a creditor, at the time of the conveyance, and subsequently obtained a judgment upon his indebtedness. The bill alleges that the defendant, James F. Tichenor, in the year 1883, was seized of a lot of land in the city of Newark, of the value of $5,000 and upwards, and at the same time was indebted to the complainant in the sum of upwards of $2,000, and that, on the 11th of July, 1883, the said defendant,

"In order to secure the said property for his own use and benefit, and protect it from the claim of your orator, and to prevent your orator from collecting his said debt, did convey said tract of land to Horace W. Carpentier,"

the other defendant, for the pretended consideration of $5,000, and that no consideration whatever was paid by said Carpentier to the said James F. Tichenor for said conveyance. It further sets out that, in September, 1885, complainant obtained a judgment against the defendant upon his debt, and issued execution

thereon and levied upon the tract of land in question; and it prays that the conveyance may be set aside and declared null and void, and the lands sold free and clear of the same under the execution issued upon complainant's judgment; and it makes James F. Tichenor and Horace W. Carpentier parties.

Carpentier and James F. Tichenor answer separately, but, in substance, setting out the same defence. They admit the making of the deed; set up that at the time of the making of it James F. Tichenor was indebted to Carpentier in the sum of $5,000, and that he was also indebted to his wife, Alice V. Tichenor, in the sum of $20,000, or thereabouts; and that Carpentier, at the time of the delivery of the conveyance to him, executed a declaration of trust in the following words, to wit:

"WHEREAS, James Frederick Tichenor has by his deed, bearing even date herewith, conveyed to Horace W. Carpentier certain lands and properties situate in the States of New Jersey and Oregon, to which he is entitled under the last will of his father, the late James H. Tichenor, reference for greater certainty being had to the said deed and the said will, for the nominal consideration of $5,000; and whereas, the said James F. Tichenor is indebted to the said Carpentier in the sum of five thousand dollars, borrowed money, with interest from February 26, 1883, less the dividends received by him on one thousand shares of the Navajo Mining Company held by him as collateral security.

"Now the true consideration and purpose of the said deed, and of this transaction is, first, to further secure the payment of said debt, and all proper costs and charges growing out of said matters, which he is hereby authorized to collect and empower, and afterwards, in trust, to transfer and convey the said properties, or the remainder thereof, to Mrs. Alice V. Tichenor, wife of said James F. Tichenor, as her sole and separate property; it being clearly understood that the said Carpentier does not assume any liability or responsibility in the matter, except so far as to discharge the said trust in good faith, according to the terms of it.

"Witness our hands and seals this 11th day of July, 1883.

"JAMES F. TICHENOR,
"H. W. CARPENTIER."

This instrument was never recorded.

Both answers allege that, by reason of that declaration of trust, Alice V. Tichenor is a necessary party to the suit, and that no decree can be made in her absence.

The usual replications were filed, and the case was brought to a hearing upon the pleadings in that shape.

At the hearing the complainant read his bill, and the defendants' counsel read the several answers. The defendant Carpentier, in his own proper person, moved that the court should take some proper measures to bring in Alice V. Tichenor, and make her a party to the suit, so that he (Carpentier) might be finally discharged from the trust set up in his answer. This motion the court declined to grant.

The complainant then produced evidence in support of his bill, and proved the judgment, execution and levy as set out in the bill, but made no proof whatever of the allegation of fraud in the conveyance, declaring that he relied wholly upon the defendants' answers, which he contended showed that the deed to Carpentier was a mere mortgage with a defeasance in writing which was not recorded, and hence that the operation of the twenty-first section of the act concerning mortgages (*Rev. p. 706*) (*a*) gave his judgment priority over Carpentier. Upon this he rested his case.

The defendants' counsel, after consultation with his client, Carpentier, decided to prove the allegations of his answer, so far as Mr. Carpentier was concerned, and thereupon proof was given by Mr. Carpentier of the actual existence of the debt from James F. Tichenor to him set up in his answer, and of the execution of the declaration of trust. Evidence was farther produced tending to prove that complainant, at the time of the filing of his bill, knew of the terms of the trust upon which Carpentier claimed to hold the property, but it did not appear satisfactorily to the

---

(*a*) If any deed or conveyance, which shall be made, of lands, tenements and hereditaments lying and being in this state, be expressed in absolute and unconditional terms, and it shall appear, by any other writing, to have been intended by way or in nature of a mortgage, then such deed or conveyance shall be considered as a mortgage, and be liable to be registered by virtue of this act; and that the grantee in the said deed or conveyance shall not be entitled to or enjoy the benefits and advantages hereby given to a mortgagee, unless an abstract of the writing, operating as a defeasance of it, or explanatory of the intention of the parties, that it should have the effect of a mortgage or conditional deed, be also therewith registered, as in case of a mortgage.

court that he knew, before filing his bill, that there was a declaration of trust in writing.

It also appeared that complainant had notice, by actual inspection of the record, of the deed from James F. Tichenor to Carpentier before commencing the suit which resulted in his judgment.

Upon the suggestion of the defendant that the complainant's bill was not framed in such a manner as to enable him to treat the conveyance as a mortgage, the complainant asked leave to amend his bill by setting out the declaration of trust and charging that the deed was a mortgage, and that it had lost the benefit of registry by reason of the failure to record the defeasance; and leave was granted accordingly, and the hearing proceeded upon that basis.

Upon the case so submitted, two questions were raised. *First.* Can the complainant attack Carpentier's deed upon the ground above stated, without bringing in Mrs. Alice V. Tichenor? *Second.* Supposing that difficulty out of the way, is complainant right in his contention that the declaration of trust reduced Carpentier's deed to a mortgage, and, if so, can he claim the benefit of the provisions of the twenty-first section of the Mortgage act when he had actual notice of the existence of the deed?

The deed and declaration of trust, taken and construed together, amount, in equity, to a conveyance to Alice V. Tichenor in fee, with a charge or equitable mortgage in favor of Carpentier; and the prayer of the bill, as amended, must be that the court shall adjudge the conveyance to Alice V. Tichenor to be fraudulent and void as against complainant's judgment, and that the mortgage to Carpentier be postponed, in the order of priority of liens, to that judgment, on account of the failure to comply with the requirements of the Registry act.

Upon the bill so amended, complainant, without a particle of proof that the conveyance to Alice V. Tichenor is fraudulent and void as against his judgment, and without bringing her before the court to answer his demands in that behalf, and without in fact establishing any lien whatever upon the lands in question, asks this court to decree that Carpentier's lien is or will be sub-

sequent to the lien of his judgment, if, perchance, he shall ever establish it. It seems to me that the bare statement of the request so made by the complainant, shows that it cannot be granted. The complainant is in this dilemma: if he deals with the deed alone as a conveyance without regard to the defeasance, he must fail, because he has not shown any fraud on the part of Carpentier, the grantee; if he deals with the deed and defeasance taken together, he cannot throw out of view or dispense with the presence of Alice V. Tichenor, who is named in the declaration of trust or defeasance and has an interest, to wit, the fee simple in equity thereunder; and he cannot say to Mr. Carpentier, your mortgage is good for nothing because the written defeasance was not recorded, without showing that he has some right to call it in question by reason of a lien which he has as against the owner in fee, Alice V. Tichenor. This renders it unnecessary to consider the second question.

The bill will be dismissed, with costs, without prejudice to the complainant to file another bill, and with leave to him to amend, upon payment of costs, as he shall be advised.